HOOYMAN, Respondent, vs. REEVE, Appellant.

*December 6, 1918—January 7, 1919.*

*Physicians and surgeons: Malpractice: Injury to employee: Settlement with employer: When covers enhanced injury from physician's treatment.*

1. A release, executed and delivered to the employer by an injured employee in consideration of the payment of a certain sum, acknowledging full satisfaction "of all claims, accrued or to accrue, in respect of all injuries or injurious results, direct or indirect, arising or to arise from" the accident in question, covered and included a claim for injurious results alleged to have been caused by malpractice of a physician who was employed at the time of the injury to treat said employee.

[2. Whether in such case the employer and the physician were joint tortfeasors, as that term is ordinarily understood in tort cases, is not decided.]

3. Enhanced injuries resulting from the negligence or mistaken treatment of a physician employed, in the exercise of ordinary care, to treat an injured person, are generally to be regarded as direct results of the original injury.

APPEAL from an order of the circuit court for Brown county : HENRY GRAASS, Circuit Judge. *Reversed.*

The appeal is from an order sustaining the demurrer to the following portions of the appellant's answer:

"Further answering, and as and for a second and separate defense, this defendant alleges upon information and belief that said plaintiff was injured on or about the 19th day of June, 1912, at Appleton, Wisconsin, while in the employ of the Appleton Coated Paper Company, of said place, and defendant further alleges that he, as a physician and surgeon,

was employed to treat the injury so received by said plaintiff; and further answering, defendant alleges that after the happening of the accident and injury to said plaintiff on or about the 19th day of June, 1912, and before the commencement of this action, to wit, on the 25th day of September, 1913, the plaintiff, in consideration of the sum of three thousand dollars ($3,000) paid by the said Appleton Coated Paper Company, executed and delivered to the said Appleton Coated Paper Company a release, a copy of which is hereto attached marked 'Exhibit A,' and made a part hereof with the same force and effect as though set out at length herein; that by reason thereof and by reason of the execution and delivery of said release, said plaintiff has accepted compensation in full for the injury so received by him and has received full satisfaction for the injury so received, and said plaintiff has thereby released this answering defendant from any and all liability, and that the claim of plaintiff, if any, against the defendant has thereby been fully satisfied and discharged.

"Further answering, and as and for an offset and partial defense and in mitigation of plaintiff's alleged claim for damages, this defendant alleges upon information and belief that said plaintiff was injured on or about the 19th day of June, 1912, at Appleton, Wisconsin, while in the employ of the Appleton Coated Paper Company, of said place, and defendant further alleges that he, as a physician and surgeon, was employed to treat the injury so received by said plaintiff; and further answering, defendant alleges that after the happening of the accident and injury to said plaintiff on or about the 19th day of June, 1912, and before the commencement of this action, to wit, on the 25th day of September, 1913, the plaintiff, in consideration of the sum of three thousand dollars ($3,000) paid by the said Appleton Coated Paper Company, executed and delivered to the said Appleton Coated Paper Company a release, a copy of which is hereto attached marked 'Exhibit A,' and made a part hereof with the same force and effect as though set out at length herein."

The plaintiff demurred to each of the foregoing portions of the answer on the ground that the same did not state facts sufficient to constitute a defense.

The release executed and delivered to the Appleton Coated Paper Company by the respondent is as follows:

For the sole consideration of the sum of three thousand and no 100 dollars, this 25th day of September, 1913, received from Appleton Coated Paper Co., I do hereby acknowledge full satisfaction and discharge of all claims, accrued or to accrue, in respect of all injuries or injurious results, direct or indirect, arising or to arise from an accident sustained by me on or about the 19th day of June, 1912, while in the employment of the above.

$3,000                   REINHARD HOOYMAN.   (Seal.)
Settlement.              Witness, Herman Hagen,
F. J. Rooney,            Address, Black Creek.
F. W. Grogan,            Witness, Nicholas Hermann, Jr.
Att'ys for Plaintiff.    Address, 915 College Ave., Appleton.

The claim of the respondent as set out in the complaint is that the appellant is liable for damages on account of malpractice in the treatment of the aforesaid injury.

For the appellant the cause was submitted on the brief of *Robert R. Freeman* and *Lines, Spooner & Quarles,* attorneys, and *Henry J. Bendinger,* of counsel, all of Milwaukee.

For the respondent there was a brief by *Martin, Martin & Martin* of Green Bay, and oral argument by *Gerald F. Clifford* of Green Bay.

KERWIN, J.    The question involved upon this appeal is whether the court below erred in sustaining the demurrer of the plaintiff to the defendant's answer.    The separate defenses demurred to are set out in the statement of facts and need not be repeated here.    It may be proper to state that sub. 3, sec. 2394—25, Stats., is not involved upon this appeal.

It is insisted by counsel for respondent that it appears from the facts pleaded in defense and demurred to that two separate torts were committed and that settlement for one does not settle the other, and that the principle of release of joint tortfeasors does not apply.    The rule invoked by counsel for respondent does not apply in the instant case.

Whether the master and doctor were in a technical sense joint tortfeasors is not material here, because it is clear upon the allegations of the answer that all damages sustained by the acts of the master and the defendant doctor were settled for and satisfied. The malpractice, if any, contributed to produce the injury settled for and satisfied by the master, hence such cause of action against the defendant was compensated for and extinguished by the settlement made. Clearly the settlement covered all damages sustained, including injury caused by the alleged malpractice. The damages sustained by the acts of the defendant concurred or were connected with the negligence of the master in producing the injury and damages settled for by the master. The receipt given by the plaintiff, and which is not questioned, is broad and shows full settlement for injuries received through the negligence of the master as well as on account of the alleged malpractice of defendant. The alleged wrong of the defendant in treating the injury contributed in large part to the injury sustained by the plaintiff.

In the view we take of the case it is not necessary to decide, and we do not decide, whether the Paper Company and the defendant were joint tortfeasors as the term is ordinarily understood in tort cases. The injury caused by the malpractice would not have occurred but for the original injury and resulted because of such injury and was a proximate result thereof. *Selleck v. Janesville,* 100 Wis. 157, 75 N. W. 975; *Wieting v. Millston,* 77 Wis. 523, 46 N. W. 879; *Stover v. Bluehill,* 51 Me. 439; *Goshen v. England,* 119 Ind. 368, 21 N. E. 977; *Batton v. Public S. Corp.* 75 N. J. Law, 857, 69 Atl. 164; 6 Thompson, Comm. on Neg. § 7211. In 6 Thompson, Comm. on Neg. § 7211, it is said:

"An injured person exercising ordinary care in the employment of a physician to treat his injury may recover for aggravation of the injury resulting from the negligence or mistaken treatment of his physician, these enhanced injuries being generally regarded by the courts as direct results of the original injury."

The text is supported by the following authorities, among others: *Selleck v. Janesville, supra; Chicago City R. Co. v. Cooney,* 196 Ill. 466, 63 N. E. 1029; *Pullman P. C. Co. v. Bluhm,* 109 Ill. 20, 50 Am. Rep. 601; *Columbia City v. Langohr,* 20 Ind. App. 395, 50 N. E. 831; *Rice v. Des Moines,* 40 Iowa, 638; *McGarrahan v. N. Y., N. H. & H. R. Co.* 171 Mass. 211, 50 N. E. 610; *Reed v. Detroit,* 108 Mich. 224, 65 N. W. 967; *Tuttle v. Farmington,* 58 N. H. 13; *Lyons v. Erie R. Co.* 57 N. Y. 489; *Sandwich v. Dolan,* 34 Ill. App. 199; *Louisville, N. A. & C. R. Co. v. Falvey,* 104 Ind. 409, 3 N. E. 389, 4 N. E. 908.

Now it seems clear from the facts stated in the answer, including the release, that the plaintiff accepted the payment mentioned in the release in full satisfaction for all injuries sustained, including the injuries caused by the alleged malpractice. The plaintiff having been paid for all damages which he sustained has no cause of action against the defendant for the same claim or any part of it. *Gray v. Herman,* 75 Wis. 453, 44 N. W. 248; *Ellis v. Esson,* 50 Wis. 138, 6 N. W. 518. In *Hartigan v. Dickson,* 81 Minn. 284 (83 N. W. 1091), at p. 285 it is said:

"It is undoubtedly the rule that where an injured party has accepted satisfaction in full for an injury done to his person, from whatever source it may come, the settlement he has made is so far effected in equity and good conscience that the law will not permit him to recover again for the same injury."

In *Almquist v. Wilcox,* 115 Minn. 37, 131 N. W. 796, the plaintiff was injured through the negligence of the master and was under the care of a physician and died. Claim was made for damages against the master and settled and the claim paid. Afterwards action was brought against the physician for malpractice in treatment of the plaintiff, and

it was claimed that death resulted from lack of skill of the physician.   The court said:

"We are of the opinion, and so hold, that the settlement with Robinson completely extinguished plaintiff's cause of action, and that the demurrer to the answer should have been overruled. . . .

"The settlement with Robinson, therefore, wholly extinguished the cause of action, and that fact constitutes a complete defense to the present action."

We need not consider nor pass upon the question as to the extent of liability of the Paper Company for negligence or error of judgment of the defendant in treating the injuries, because the extent of the liability of the Paper Company for the alleged malpractice is not material upon this appeal for the reason that the settlement and satisfaction made by the Paper Company covered all damages sustained by plaintiff on account of the injury and improper treatment, if any, by the defendant.   The receipt is very broad and manifestly was intended to cover all damages sustained by plaintiff as well for the alleged malpractice as for the original injuries.   The receipt acknowledges "full satisfaction and discharge of all claims, accrued or to accrue, in respect to all injuries or injurious results, direct or indirect, arising or to arise from" the accident in question.   The plaintiff obtained satisfaction for injuries sustained, and is entitled to but one satisfaction.

We are convinced that the answer set up a good defense and that the demurrer should have been overruled.

*By the Court.*—The order appealed from is reversed, and the cause remanded with instructions to overrule the demurrer and for further proceedings according to law.