FISHER, Plaintiff, vs. MILWAUKEE ELECTRIC RAILWAY &
    LIGHT COMPANY, Appellant, and RUMPH, imp., Re-
    spondent.

*November 18—December 14, 1920.*

*Negligence: Injury augmented by malpractice of physician: Liability of physician: Joint tortfeasors: Contribution: Subrogation: Order making physician party to action: Discretion of court: Review.*

1. Where the plaintiff sustained a fracture of her wrist because of the negligence of the defendant railway company, she may recover her entire damages from such defendant even though they may have been caused in part by the negligent treatment administered by a physician employed by her.

2. The railway company and the physician are not joint tortfeasors, and the liability of the physician does not arise by reason of his liability for contribution in the event of recovery against the company; but the railway company, on being compelled to pay damages due to the negligence of the physician, is subrogated to the rights the plaintiff had against him.

3. Under sec. 2610, Stats., providing that when defendant will have a right of action against a third person for the amount of the recovery against him the third person may be made a party defendant, the railway company is entitled to have the physician made a party defendant, notwithstanding the general rule that there can be no right of action by the party subrogated to another's rights until the judgment has been paid.

4. Said sec. 2610 applies to tort actions as well as actions on contract, though the trial court, in the exercise of its discretion, should, when called upon, recognize the established distinction between the rights of parties in the two classes of actions.

5. Under said sec. 2610 the circuit court, in its discretion, may make the physician a party to an action for the injury, though the original defendant would have a right of action against the physician for only a part of the recovery.

6. Although a case is within the provisions of said sec. 2610, the circuit court may, in the exercise of its discretion, refuse to implead a third person who is liable to defendant; but in this case, the court having exercised its discretion and ordered the physician to be made a party defendant, it could not review such order on demurrer or motion to dismiss a cross-complaint against the physician.

7. An order bringing in a party defendant is not appealable, and can only be reviewed on appeal from final judgment.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

Personal injury. Demurrer to cross-complaint. The plaintiff claimed to have been injured on the 23d day of September, 1917, by being thrown from one of the cars of the *Milwaukee Electric Railway & Light Company,* hereafter called the *Light Company,* through the negligent act of the *Light Company.* It is the contention of the *Light Company* that the damages sustained by the plaintiff were due in part to the negligent treatment of plaintiff's injuries by the defendant *Rumph.* After the commencement of the action the *Light Company,* upon a verified cross-complaint and affidavit, procured an order of the circuit court for Milwaukee county requiring *Rumph* to show cause why he should not be made a party defendant. In its answer the *Light Company* denied that it was negligent or that the injuries that the plaintiff sustained were received as the result of the defendant's negligence. In its cross-complaint it alleges:

"That the injury sustained by the plaintiff was a Colles fracture of the left wrist, which is easily remediable by ordinary surgical treatment.

"That, although the defendant offered services of competent physicians, the plaintiff rejected the same and secured the services of a physician and surgeon, one *Dr. Charles L. Rumph,* whose residence is 1213 Milwaukee avenue, South Milwaukee, Wisconsin; that said *Dr. Rumph* was at said time, and is, a duly licensed and practicing physician and surgeon; that said *Dr. Rumph* so negligently and carelessly treated the plaintiff's said injury that he caused a partial loss of the use of plaintiff's left hand and forearm, and produced, by failing to use ordinary surgical skill and by improper bandaging of said fracture, an ischaemic paralysis of plaintiff's hand and forearm; that had said *Dr. Rumph* used ordinary surgical skill said Colles fracture would have been completely cured within a short time and no disability whatever would have resulted therefrom."

The *Light Company* then asks that, if recovery be had

against it for the injuries due to the alleged improper treatment of *Rumph,* it be permitted to recover from *Rumph* such damages as were in excess of those which would have followed the plaintiff's injury had she been treated with ordinary surgical skill. The plaintiff's attorney filed an affidavit in which he stated he made no objection to *Rumph* being made a party and re-asserted the plaintiff's right to recover the entire damages from the defendant company. Upon the hearing, by order dated September 28, 1918, *Rumph* was made a party defendant "for the purpose of responding to the cross-complaint of the defendant." The plaintiff was directed, at the expense of the *Light Company,* to deliver to the defendant an amended summons, which amended summons was to be served by the *Light Company,* with the proposed cross-complaint, upon *Charles L. Rumph.* Notice of entry of order was served October 2, 1918. No appeal was taken by any party 'from this order. On the 18th day of October, 1918, the defendant *Rumph* demurred to the cross-complaint "upon the ground that it does not state facts sufficient to constitute a cause of action." On the 21st day of April, 1920, the circuit court made an order, first, sustaining the demurrer to the cross-complaint; second, ordering that the cross-complaint be dismissed and that *Rumph* be dismissed as a party defendant to the action; and third, that the *Light Company* have twenty days from date in which to file an amended pleading upon the payment of $10 to the said defendant *Rumph.* From this order the *Light Company* appeals.

For the appellant there were briefs by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *Carl Muskat.*

For the respondent the cause was submitted on the brief of *Lines, Spooner & Quarles* of Milwaukee.

Rosenberry, J. The order appealed from appears to be inconsistent upon its face. If the cross-complaint be dis-

missed and *Rumph* be dismissed as a party, the *Light Company* could not plead over as provided for in the third provision of the order.

It is the contention of the *Light Company* that it has a remedy over against the defendant *Rumph* under the principles of subrogation and the provisions of secs. 2610 and 2656*a*, Stats. Under the facts that appear from the pleadings, it is plain that the plaintiff may recover her entire damages from the *Light Company*, even though they may have been caused in part by the negligent treatment given the plaintiff by the defendant *Rumph*. *Selleck v. Janesville*, 100 Wis. 157, 75 N. W. 975. It is contended on behalf of the defendant *Rumph* that the principles applicable to suits against joint tortfeasors apply here. The argument in support of this contention is unsound. It appears that the liability of the defendant *Rumph*, if any there be, is due to his want of care and skill as a surgeon, while the liability against the *Light Company* is due, if any there be, to its failure to exercise ordinary care. They are not in any sense of the term joint tortfeasors. The liability of the defendant *Rumph* to the *Light Company* does not arise by reason of his liability for contribution in the event of a recovery against the *Light Company*. His liability is a liability over, and arises in favor of the *Light Company* by reason of the fact that the *Light Company* is compelled to pay damages which are primarily due to the alleged negligence of the defendant *Rumph* and for which the plaintiff might have maintained an action against the defendant *Rumph*. The *Light Company*, being compelled to pay these damages, is subrogated to the plaintiff's rights against *Rumph*, as she may not twice recover compensation for the same injury. It is contended on behalf of the defendant *Rumph* that there can be no right of action in favor of the *Light Company* against the defendant *Rumph* until the judgment has been paid, and this, no doubt, is the ordinary rule.

*Defiance M. Works v. Gill,* 170 Wis. 477, 175 N. W. 940. This brings us to a consideration of sec. 2610, Stats.:

"A defendant who shows by affidavit that if he be held liable in the action he will have a right of action against a third person not a party to the action for the amount of the recovery against him, may, upon due notice to such person and to the opposing party, apply to the court for an order making such third person a party defendant in order that the rights of all parties may be finally settled in one action, and the court may in its discretion make such order. This section shall be liberally construed in order that, so far as practicable, all closely related contentions may be disposed of in one action, even though in the strict sense there be two controversies, provided the contentions relate to the same general subject and separate actions would subject either of the parties to the danger of double liability or serious hardship."

This contention of the defendant *Rumph* is answered by *Brovan v. Kyle,* 166 Wis. 347, 165 N. W. 382, where it was held that no argument was needed to show that a surety on a guardian's bond, if held liable thereon, is *pro tanto* subrogated to the rights of his ward and may follow the property of the ward's estate into whosesoever hands it may wrongfully come, and is entitled, under such circumstances, to have a party liable over to him made a party defendant under the provisions of sec. 2610, even though the judgment had neither been entered nor paid. It is true that *Brovan v. Kyle, supra,* was an action upon a contract and in that respect differs from the present action. But sec. 2610 applies as well to tort actions as to actions upon contract, although the trial court should, in the exercise of its discretion, when called upon, recognize the established distinction between the rights of parties in the two classes of actions. *Bakula v. Schwab,* 167 Wis. 546, 168 N. W. 378; *Humboldt v. Schoen,* 168 Wis. 414, 170 N. W. 250; *Schmuhl v. Milwaukee E. R. & L. Co.* 156 Wis. 585, 146 N. W. 787.

It is further argued that, under the provisions of sec. 2610, unless a defendant has a right of action over against a third person "for the amount of the recovery against him," the statute does not authorize such third person to be made a party to the action. In this case, if the plaintiff prevails, the *Light Company* will not have a cause of action over against the defendant *Rumph* for the full amount of the plaintiff's recovery against it, for, under such circumstances, a part of the injuries are admittedly due to the negligence of the *Light Company*. It can at most have a right of action over against the defendant *Rumph,* upon principles of subrogation, for only a part of the recovery. In view of the fact that it is provided that the section shall be liberally construed in order that all closely related contentions may be disposed of in one action, even though there be two controversies, we are of the opinion that sec. 2610 confers authority upon the circuit court for Milwaukee county, in the exercise of its discretion, to make *Rumph* a party defendant in this action. We see no reason why it should not be so construed. The contentions relate to the same general subject, and it is conceivable that, although the plaintiff recover against the *Light Company* for damages due to the negligence of the defendant *Rumph,* a second jury might find against it upon that issue, and the *Light Company* therefore be compelled to pay damages, as between it and *Rumph,* not justly chargeable to it, although legally liable therefor to the plaintiff.

It is further contended on behalf of the defendant *Rumph* that the circuit court may, in the exercise of its discretion, refuse, in a case within the provisions of sec. 2610, to make a third person a party defendant. *Ertel v. Milwaukee E. R. & L. Co.* 164 Wis. 380, 160 N. W. 263. This is undoubtedly the law. But the question of whether or not the circuit court should, in the exercise of its discretion, make *Rumph* a party defendant, was settled by the order of September 28, 1918. The court having once exercised its discretion, a review of that order by the circuit court for Milwaukee

Fisher v. Milwaukee E. R. & L. Co. 173 Wis. 57.

county cannot be had by moving to dismiss the cross-complaint as to *Rumph*. Whether or not, if motion upon proper showing therefor had been made seasonably by the defendant *Rumph*, the circuit court might have modified or corrected its order, is not determined here. There has been no motion at any time to modify or correct the order of September 18, 1918, and certainly a demurrer to the cross-complaint served pursuant to that order does not afford a basis upon which the circuit court may proceed to review its prior order. There having been no seasonable motion to review the order, and the order not being appealable (*Schmuhl v. Milwaukee E. R. & L. Co., supra*), the action of the circuit court making *Rumph* a party can only be reviewed on appeal from final judgment. *Fred Miller B. Co. v. Knebel,* 168 Wis. 587, 171 N. W. 69.

The circuit court, therefore, erred in dismissing the complaint and dismissing *Rumph* as a party. The cross-complaint states a cause of action in favor of the *Light Company* against *Rumph* under the provisions of sec. 2610, and the demurrer of *Rumph* should have been overruled.

*By the Court.*—Order reversed, with directions to overrule the demurrer and for further proceedings according to law.

OWEN, J. (*concurring*). I agree that the original action of the court in bringing in *Dr. Charles L. Rumph* as a defendant could not in effect be reviewed and set aside in passing upon a demurrer to the cross-complaint filed by the street railway company against *Rumph,* and that upon this appeal neither the question of the power nor the propriety of the court, in the exercise of its discretion, to order the bringing in of the defendant *Rumph,* is before us for review. I cannot refrain, however, from giving expression to my individual opinion that whether the provisions of sec. 2610 prove a blessing or a nuisance will depend very much upon the wisdom exercised in its administration. In order to

accomplish the beneficent purposes intended by its enactment, its scope was necessarily made quite broad, and the question of whether, in a given case, the power conferred should be exercised was committed to the discretion of the trial court. The purpose of the enactment was to facilitate and expedite the dispatch of litigation and provide for the settling of all closely related questions in one action. It is obvious that this often may be done without imposing additional burden, hardship, or delay upon the original parties to the action, and that under such circumstances the administration of justice is greatly facilitated.

I think the present case forcibly illustrates the fact that the evils resulting from the exercise of the discretion may far outweigh the benefits to be accomplished, and that an unwise exercise of the power conferred can easily bring the statute into disrepute, which will result in its emasculation or repeal, with the consequence of serious loss to the administration of the law. I can see no purpose to be subserved or accomplished in burdening plaintiff's case with this cross-issue between the street railway company and the doctor. The two issues are as foreign to each other as they well could be. The plaintiff is not at all interested in the issue raised by the cross-complaint, and it would not be surprising if its trial should consume much more time than the trial of the main issue between the plaintiff and the street car company. During all the time, however, the plaintiff must be present with her witnesses and she must pay her attorneys for being in attendance, while the issue in which she is not at all interested is being tried out, which may in the end result in a mere moot question, because, unless plaintiff recovers against the street car company, the malpractice of the physician does not become material, and the time of the court and litigants will have been taken up with the trial of a moot issue. Furthermore, the plaintiff is entitled to the honest co-operation of her physician. She is entitled to his honest and unprejudiced testimony concerning her condition. This proceeding makes him an interested party

against her, as, if he is to be called upon to stand a portion of the damages resulting from her present condition, it is to his interest to minimize the damages to which she may be entitled. Then, again, the progress of her entire action is made to depend upon the progress of the cross-issue. The trial of her case has been held up pending this appeal. Many matters growing out of the cross-action may occur from time to time to delay the trial of the case, all to her prejudice, without any compensating results, so far as I can see, in the matter of speeding the administration of justice.

Trial courts should appreciate the responsibility which the statute lays upon them. Whether additional parties shall be brought in is always a matter for the exercise of wise discretion under the circumstances. The power was conferred so that by its exercise the administration of justice may be facilitated and expedited, and whether in a given case the bringing in of new parties will have this effect calls for the serious consideration of the court. Where it will delay, hamper, or burden the plaintiff, it should appear pretty plainly that, in the end, benefits in the nature of general results will outweigh the inconvenience, annoyance, and expense which the bringing in of new parties will impose upon the plaintiff, or the application should be denied.