RETELLE, by guardian, Appellant, vs. SULLIVAN, Respondent.
RETELLE, Appellant, vs. SAME, Respondent.

*December 8, 1926—January 11, 1927.*

*Damages: Malpractice: Physician treating child injured through negligence of third person: Release of person causing injury: Liability of physician to minor or his father: Subrogation.*

1. Damages resulting from the improper or unskilful treatment of an injury by a physician may be recovered from the person liable for the injury. p. 578.
2. A release of the person liable for the injury and his insurance carrier from all actions and demands "of every kind and nature which I now have, claim to have, or may hereafter claim to have, against either or both," includes damages arising from the negligent treatment of the injury by a physician. pp. 578, 579.
3. Such a release subrogated either the person causing the injury or his insurance carrier to any claim of the injured person against the physician for damages resulting from his negligent treatment of the injury; and neither the injured minor, whose guardian signed the release, nor his father, has any further claim against the physician for damages resulting from the negligent treatment. p. 579.

APPEALS from orders of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

Appeals from orders overruling demurrers to the answers. These actions were brought to recover damages sustained

Retelle v. Sullivan, 191 Wis. 576.

by reason of alleged malpractice arising out of the improper and unskilful setting of the broken arm of the infant *Russell Retelle.* The answers set up as a separate defense the fact that the arm of *Russell Retelle* was broken while he was on or about certain premises owned by one M. B. Allison, and that plaintiffs made claim against said Allison for damages by reason of the injury so sustained; that the said Allison was insured in the Builders Limited Mutual Liability Insurance Company of Madison, Wisconsin; that said injury occurred on the 23d day of September, 1923; that the defendant was employed as a physician and surgeon to treat the broken arm of said *Russell Retelle;* that the last day on which the said defendant gave treatment or rendered services in or about said broken arm was the 23d day of November, 1923; that on the 4th day of June, 1924, the plaintiffs settled their respective claims for damages against said M. B. Allison and the Builders Limited Mutual Liability Insurance Company for the sums of $1,000 and $500, respectively, and that upon such settlement releases were executed to said M. B. Allison and the Builders Limited Mutual Liability Insurance Company of Madison, one signed by *Levi B. Retelle,* the father, and the other by *Levi Retelle* as guardian of *Russell Retelle,* whereby the said M. B. Allison and the Builders Limited Mutual Liability Insurance Company were forever released and discharged "from all actions, causes of action and demands of every kind and nature which I now have, claim to have, or may hereafter claim to have against either or both of them arising out of or on account of said injury to said *Russell Retelle.*" The plaintiffs demurred to that portion of the respective answers setting up said releases as a defense to the respective actions. The demurrers were overruled, and from the orders so overruling said demurrers appeals were taken to this court.

For the appellants there was a brief by *Olin & Butler,* and oral argument by *R. M. Rieser,* all of Madison.

For the respondent there was a brief by *Richmond, Jack-man, Wilkie & Toebaas* of Madison and *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Harold M. Wilkie.*

OWEN, J.   These actions are brought by father and son to recover damages resulting from the alleged malpractice. They involve the same legal questions, they were briefed and argued together in this court, and will be disposed of in a single opinion.

It appears from the pleadings that the injury, namely, the broken arm, was sustained on or about the 23d day of September, 1923; that the defendant's care and treatment ceased on November 30, 1923, and that on June 4, 1924, settlement was made with M. B. Allison and his insurance carrier by which the said Allison and the said insurance carrier were released "from all actions, causes of action and demands of every kind and nature which I now have, claim to have, or may hereafter claim to have against either or both of them arising out of or on account of said injury to said *Russell Retelle*." An element of the damages which plaintiff might have recovered against Allison at the time of the settlement with Allison included damages resulting from the improper or unskilful treatment of the broken arm by the defendant. This is well settled in our law. *Fisher v. Milwaukee E. R. & L. Co.* 173 Wis. 57, 180 N. W. 269.   Upon the payments made by Allison, plaintiffs, individually and respectively, discharged said Allison and his insurance carrier "from all actions, causes of action and demands of every kind and nature which I now have, claim to have, or may hereafter claim to have against either or both of them arising out of or on account of said injury to said *Russell Retelle*." This is certainly sweeping and all-inclusive.   It included that element of damages resulting from defendant's alleged negligent treatment.   The settlement thus made subrogated Allison, or

Retelle v. Sullivan, 191 Wis. 576.

the insurance carrier, or both, to any claim which the plaintiffs might have had against the defendant for damages resulting from his negligent treatment. *Fisher v. Milwaukee E. R. & L. Co., supra.* If prior to such settlement with Allison plaintiffs had a claim for damages against the defendant, such claim passed from them to Allison or to his insurance carrier upon such settlement, and since said transaction they have not had, and do not now have, any claim against the defendant. By their release they acknowledged full satisfaction for all damages resulting from the broken arm and they cannot have two recoveries for the same damages. The case of *Hooyman v. Reeve,* 168 Wis. 420, 170 N. W. 282, is conclusive upon this question.

Respondent seeks to distinguish *Hooyman v. Reeve* from the instant case on the ground that the release there executed was broader than the release in this case. In that case the claimant acknowledged "full satisfaction and discharge of all claims," etc. It did not in terms release any one in particular, while in these cases it is M. B. Allison and his insurance carrier that are released. Neither do the releases here under consideration acknowledge receipt of the money in full satisfaction and discharge of all claims, etc., as did the release in *Hooyman v. Reeve.* But they do release Allison. Their claims against Allison included the aggravated damages by reason of the alleged malpractice. When Allison discharged his liability to the plaintiffs he became subrogated to the claims which they had against the defendant for such aggravated damages. To permit plaintiffs to recover in these actions would enable them to recover damages twice for the same injuries, and would either deny Allison the right of subrogation or impose double damages upon the defendant. Settled principles of law as well as every consideration of justice require that the demurrers be overruled.

*By the Court.*—Orders affirmed.