Foster, P. J.
According to the opinion of the court below the plaintiff Clark has recovered a judgment of $11,000 against the defendant Wheeler for personal injuries received in an automobile accident. The defendant Wheeler has served a third-party complaint against the defendants Blash, Zoltowski and Fish, who are physicians. The gist of this complaint is that the defendant physicians were guilty of malpractice in the treatment of Clark’s injuries, and that they are liable over to the defendant Wheeler for all or a part of the judgment recovered against him. The defendant physicians moved under rule 106 of the Rules of Civil Practice to dismiss the third-party complaint on the grounds that it did not state facts sufficient to constitute a cause of action; that the court did not have jurisdiction of the subject matter of the action, and that the third-party plaintiff did not have legal capacity to sue. Their motion was denied and from the order of denial they have appealed to this court.
It is well established that a wrongdoer is liable for the ultimate result even though the negligence of a physician may have aggravated the original injuries (Milks v. McIver, 264 N. Y. 267). It must be assumed, therefore, that the plaintiff Clark recovered in full for his ultimate injuries. He may not recover *19 twice for the same injuries and hence he no longer has any right of action against the defendant physicians.
The query remains whether the defendant Wheeler, as the original wrongdoer who has been held liable, is subrogated to any right of action which the plaintiff Clark may have had against the defendant physicians for malpractice. The trend of authority appears to require an affirmative answer to this question (Matter of Parchefsky v, Kroll Bros., Inc., 267 N. Y. 410; Fisher v. Milwaukee Elec. Ry. & Light Co., 173 Wis. 57; Chicago North Western Ry. Co. v. Nye Schneider Fowler Co., 260 U. S. 35; Civ. Prac. Act, § 193-a).
It is urged that if the third-party complaint is sustained certain procedural difficulties will arise, the chief of which is that the second jury may be required to speculate as to what part of Clark’s verdict for $11,000 represents what the first jury determined to be the aggravation of his original injuries. We do not view this alleged difficulty seriously. To dismiss the complaint on such a ground would be tantamount to holding that although the defendant Wheeler may have a claim against the defendant physicians he cannot assert it. Doubtless the jury in Clark’s case made no separate mental finding as to any aggravation of injuries. They were not required to do so, and the conclusion that Clark’s verdict embraces his ultimate injuries arises as a matter of law and not because of any separate finding of the jury. As against the defendant physicians the trial court may, if the proof warrants, submit an issue as to what percentage of the $11,000 verdict any aggravation of injuries represents. But we must add that, due to the severance of the actions which we assume by inference, the defendant physicians are not bound by the judgment recovered as the result of a trial in which they had no part. Therefore, they have the undoubted right not only to defend themselves against the charge of malpractice but also to litigate the issue of WTeeler’s liability.
The order should be affirmed, with $10 costs.
Hefeernan, Deyo, Santry and Bergan, JJ., concur.
Order affirmed, with $10 costs.