HARTLEY, Administratrix, Appellant, v. ST. FRANCIS HOSPITAL and others, Respondents.*

*June 1—June 30, 1964.*

For the appellant there were briefs by *Hale, Skemp, Hanson, Schnurrer & Skemp* and *Quincy H. Hale,* all of La Crosse, and oral argument by *Quincy H. Hale.*

For the respondents there was a brief by *Johns, Pappas & Flaherty* of La Crosse, for St. Francis Hospital and Esther Roberton, and by *Moen, Sheehan & Meyer* of La Crosse, for Paul W. Phillips, and oral argument by *Robert D. Johns* and *L. E. Sheehan.*

DIETERICH, J. The original complaint set forth two causes of action—one in the plaintiff's own behalf, alleging that in settling with Avery and the insurance company, he did not intend to release his claim against the defendants for malpractice, and did not intend to transfer this claim to Avery and his insurer by subrogation. The second cause of action was brought by plaintiff as assignee of the insurance company. Avery was not joined as a defendant in the complaint.

The defendants, St. Francis Hospital, Esther Roberton, and Dr. Phillips, demurred to the first cause of action on grounds that it failed to state a cause of action; and to the second cause of action on grounds of a defect in parties plaintiff. The court sustained the demurrers, holding that the general release given by plaintiff to the insurance company carried with it any claim for injuries resulting from later medical malpractice, and thus plaintiff could not sue for these damages in his own behalf. The court also held that Avery owned by subrogation a part of plaintiff's claim for damages for medical malpractice, and that Avery must be joined as either a party plaintiff or a party defendant.

Plaintiff then served an amended summons and complaint on Lloyd Avery at his home in Minnesota, and served the amended complaint on all other defendants. The complaint set forth one cause of action, alleging the same facts as the original complaint, and the additional allegation that Lloyd Avery refused to join as a party plaintiff. Avery was added by the plaintiff as a party defendant without a court order, and he has made no appearance in the case.

The hospital, Esther Roberton, and Dr. Phillips demurred to the amended complaint on the following grounds: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that there is a defect in parties plaintiff in that Lloyd Avery, who owns a portion of the cause of action, is not a plaintiff; (3) that there is a defect in parties defendant, in that Lloyd Avery is not a proper party defendant; and (4) that the court does not have jurisdiction over Avery. The trial court sustained the demurrers to the amended complaint, and stated in a memorandum decision that since the unconditional release was given by the plaintiff some five months after the alleged malpractice had occurred, the case is governed by the general rule that a general release is presumed to include damages for an aggravation of the original injury. The trial court

also concluded that there was a defect in parties because the proper procedure was not taken for the inclusion of Avery into the action. An order was entered on December 11, 1963, sustaining the defendants' demurrers, and allowing the plaintiff twenty days to amend the complaint. The appeal is from the order.

The major issue involved on the instant appeal is whether a general release bars a plaintiff from suing for aggravation of the original injuries by reason of alleged medical malpractice, when the release was given some five months after the alleged malpractice occurred. The trial court's rationale in sustaining the demurrers to the amended complaint appears to be that since the plaintiff was barred from commencing an action for malpractice by reason of his settlement and release, the subsequent assignment from the insurer gives him nothing, for he cannot accomplish by indirect means what he is barred from accomplishing directly.

Wisconsin follows the general rule that a settlement made in return for a general release is presumed to include compensation for the injuries occasioned by medical malpractice committed prior to the execution of the release. *Noll v. Nugent* (1934), 214 Wis. 204, 208, 252 N. W. 574; *Greene v. Waters* (1951), 260 Wis. 40, 49 N. W. (2d) 919. This presumption is conclusive unless the injured person, in releasing the tort-feasor, saves to himself his cause of action against the physician by the use of some appropriate provision in the release by which the settlement was effected. See *Travelers Indemnity Co. v. Home Mut. Ins. Co.* (1961), 15 Wis. (2d) 137, 139, 111 N. W. (2d) 751.

When the insurance company settled with the plaintiff and accepted the general release, the plaintiff himself became barred from proceeding against the defendants, since he executed the release some five months after the alleged acts of malpractice were committed. See *Greene v. Waters, supra.*

Several months after the execution of the release, the plaintiff procured an assignment of the insurance company's interest "in any claim to which it may have become subrogated to" by reason of the prior settlement and release.

The plaintiff, by the settlement and general release given to the insurance company, fixed the value of his entire cause of action at $25,000, the amount of the settlement. The insurance company presumably acquired a right to recoup some part of this amount from the hospital, doctor, and nurse, if it could prove malpractice. Such recovery would be that portion of the $25,000 as represented damages caused by the malpractice. The right of the insurance company would be in the nature of a claim for indemnity. The insurance company did not acquire this right by subrogation, and it was inaccurate to refer to it as such in the assignment.

In any event, it would be fundamentally inconsistent for the plaintiff to be allowed to acquire by assignment a right to recover damages for the malpractice in addition to the $25,000 at which he fixed the value of his entire cause of action. This right is recognized in the insurance company only for the purpose of allowing it to recoup a part of the sum which it paid in settlement of the plaintiff's cause of action.

It follows that the order of the trial court sustaining the demurrers to the amended complaint is affirmed, and the complaint dismissed.

*By the Court.*—Order affirmed.

The following opinion was filed September 2, 1964:

PER CURIAM (*on motion for rehearing*). Prior to our decision in the instant case this court had repeatedly held that, where the tort-feasor or his insurance carrier settles a personal-injury claim which injury has been aggravated by malpractice and receives a release that contains no reser-

vation of the malpractice cause of action, the tort-feasor or insurer succeeds by right of subrogation to the claimant's malpractice action. *Greene v. Waters* (1951), 260 Wis. 40, 43, 44, 49 N. W. (2d) 919; *Noll v. Nugent* (1934), 214 Wis. 204, 208, 252 N. W. 574; *Retelle v. Sullivan* (1927), 191 Wis. 576, 578, 579, 211 N. W. 756, 50 A. L. R. 1106; *Fisher v. Milwaukee E. R. & L. Co.* (1920), 173 Wis. 57, 60, 180 N. W. 269.

Our original opinion herein had the effect of overruling these holdings *sub silentio.* We withdraw the statement in the original opinion that the right acquired by the instant insurance carrier for the malpractice action was not acquired by subrogation. We are satisfied that it was. However, we determine it to be contrary to sound public policy to allow plaintiff administratrix to acquire by assignment from the insurance carrier a right to recover damages for the malpractice in addition to the $25,000 received as the fixed value of the entire cause of action including the malpractice. This latter was the rationale of our original holding and we adhere thereto.

The motion for rehearing is denied without costs.