**Cindy Parker McQUEEN, by her guardian, Maxine Parker Wiley, Appellant,**

v.

**James W. HUMPHREY, M.D., and Robert W. Kieber, M.D., Respondents.**

No. 52722.

Supreme Court of Missouri, Division No. 2.

Nov. 16, 1967.

J. William Blackford, Blackford & Wilhelmsen, Kansas City, for appellant.

Lynn K. Ballew, Strop, Watkins, Roberts & Hale, R. A. Brown, Jr., Brown, Douglas & Brown, St. Joseph, for respondents.

HENRY J. WESTHUES, Special Commissioner.

On May 17, 1965, plaintiff, a minor, by her guardian, filed a petition in the Circuit Court of Buchanan County against defendants, both doctors, to recover $35,000 as damages alleged to have been caused through negligent treatment of plaintiff's broken arm.

The defendants filed a motion asking for a summary judgment, alleging that in a

1

prior action plaintiff had received full satisfaction for her injuries.

The trial court held a hearing on the motion and entered a judgment in favor of the defendants. Plaintiff appealed.

In the brief under "Points and Authorities" plaintiff states that:

"I. The Court erred in granting defendants' motion for summary judgment on plaintiff's cause of action, on the defendants' allegation that the plaintiff has had a full and complete satisfaction for all her injuries alleged in this cause.

"Accord and satisfaction is an affirmative defense and must be pleaded.

"Summary judgment by reason of accord and satisfaction is not a matter authorized by the rules of civil procedure to be presented by a motion.

"II. The affirmative defense of accord and satisfaction presents an issue of fact which should be determined upon a trial."

The evidence introduced on the motion shows the following:

On May 25, 1963, plaintiff was a passenger in a car owned by Wylie B. Kinney and being driven by John Kinney. While on state highway No. III in Holt County, Missouri, the car left the roadway and ran into a ditch. Plaintiff sustained a broken left arm. She was treated by Drs. Humphrey and Kieber. Plaintiff, by her next friend, Maxine Wiley, filed a suit against Wylie and John Kinney asking for $25,000 damages. Dr. Humphrey and Dr. Kieber were not named as defendants in that case. Further, plaintiff, on September 15, 1964, filed a petition for authority to settle and compromise her case for $7,000 and for $1,745 to her mother for medical expenses.

The trial court held a hearing on the matter and plaintiff introduced evidence to prove her injuries. The trial court entered a judgment for plaintiff for $7,000 and for $1,745 to pay for the medical expense. The request for the settlement was approved.

The judgment entered reads in part as follows:

"Upon hearing the evidence and being fully advised in the premises, the court finds as per Petition for Authority to Settle herein filed that the Next Friend has made and proposes to enter into a contract with the Defendants and those who might be liable on their behalf to settle the cause of action or claim of the Plaintiff in full and forever for the sum and consideration of Seven Thousand Dollars ($7,000.00), with the claim or cause of action for medical expenses, loss of services etc. by the parents of said minor being settled on a separate Release with said parents. The court further finds that considering the issues involved, the injuries sustained by the Plaintiff, and the terms of the proposed settlement, that said settlement is fair and just and would be to the best interests of the minor Plaintiff, and that said settlement should be sustained and approved."

The record shows that the judgment was paid in full to the guardian appointed by the probate court for plaintiff. The record also shows that neither of the doctors, defendants in the case before us, treated plaintiff subsequent to the original trial or for months prior thereto.

Further, the evidence was that plaintiff's condition with reference to her injuries sustained on May 25, 1963, had not changed since the hearing when she obtained a judgment against Wylie and John Kinney.

Note plaintiff's evidence.

"Q Is the condition of your arm now the same as it was on September the 15th, 1964, when this lawsuit was settled in the Circuit Court of Buchanan County, Missouri?

"A Yes. It looks the same physically. It hasn't gotten any bigger or smaller. It's stayed the same. But it doesn't really get any better. Like, I think, from day to day, the weather will make it so it will heal.

"Q It just hasn't gotten any better?

"A It hasn't gotten any better.

"Q So, you would say the condition is just the same? It just hasn't improved?

"A It hasn't improved, no, at all."

There is nothing in the record to indicate that plaintiff did not consider the settlement as complete satisfaction for her injuries, or that she intended to make any claim against anyone except Wylie and John Kinney. Plaintiff, at the hearing before the trial court in the present case, offered no evidence to refute any of the record or the evidence of the defendants.

■ It is evident that the first point made by plaintiff, that the trial court erred in finding "that the plaintiff has had a full and complete satisfaction for all her injuries," must be ruled against plaintiff.

■ The second point, that accord and satisfaction is an affirmative defense and must be pleaded, is a correct statement of the law. It was pleaded in no uncertain terms in this case.

■ Next plaintiff says that summary judgment may not be invoked in cases of accord and satisfaction. Plaintiff cited as authority Rules of Civil Procedure Nos. 55.10 and 55.43, V.A.M.R. and the case of Agnew v. Union Construction Co., Mo., 291 S.W.2d 106. In the Agnew case the trial court had dismissed plaintiff's case by sustaining a motion to dismiss without a hearing. This court held that to be error, and stated that there should have been a hearing. The court did not rule that a plea of accord and satisfaction could not be presented by a motion. We find nothing in the Rules of Civil Procedure that prohibits a plea of accord and satisfaction being presented by a motion for summary judgment. The provisions of Rule 74.04 governing summary judgment are not repugnant to the procedure invoked by the defendants in this case. Farmer v. Arnold, Mo., 371 S.W.2d 265, l.c. 269, 270[4, 5].

■ The last point made is that the plea of accord and satisfaction presents an issue of fact which should be determined upon a trial. That is an abstract statement of law. If plaintiff had in mind in making that statement that there was no trial in this case, she is mistaken. The trial court held a hearing. Defendants introduced evidence. Plaintiff offered no evidence. The question before the court was a question of law. Plaintiff cited the case of Kroger Co. v. Roy Crosby Co., Mo.App., 393 S.W.2d 843. In that case Kroger had paid one John Murphy $8,500 to settle a claim for injuries sustained while working on a building. Kroger filed suit to recover the amount from the Roy Crosby Co., the owner of the building, claiming that the landlord was responsible for the injury. It is apparent that the case is not in point. The court there held that the trial court was in error in entering a summary judgment for the defendant. The court stated that it could not be determined as a matter of law that the landlord was not liable. In the case before us the defendant doctors may or may not have been liable to plaintiff depending upon the evidence. That the doctors were not made defendants in the first case filed by plaintiff is not material. What is material is that plaintiff has received full satisfaction in that first case. That bars any further action for the same injury. Retelle v. Sullivan, 191 Wis. 576, 211 N.W. 756, 50 A.L.R. 1106; Hanson v. Norton, 340 Mo., 1012, 103 S.W.2d 1, l.c. 6[4][5].

The judgment of the trial court was for the right party and should be and is hereby affirmed.

PER CURIAM:

The foregoing opinion by HENRY J. WESTHUES, Special Commissioner, is adopted as the opinion of the court. All concur.