## Nester v. Elicker

*Howard N. Stark,* for plaintiff.

*Lawrence A. Brown, Barry Greenberg, David N. Jordan* and *James S. Kilpatrick, Jr.,* for defendants.

*Sheldon W. Farber,* for additional defendant.

HONEYMAN, J., January 11, 1972.—Plaintiff in the original cause of action sued original defendant doctors and medical center for malpractice. These defendants timely joined plaintiff's fellow employe and his (plaintiff's) employer, theorizing liability through wrongful conduct on their part which somehow contributed to plaintiff's alleged disability. The additional defendants now move for summary judgment on the grounds that the Workmen's Compensation Act of June 2, 1915, P. L. 736, art. II, sec. 205, and art. III, sec. 303, as amended, is a statutory bar to joinder as it is the exclusive remedy: 77 PS §72 and 77 PS §481. Plaintiff bases his claim solely and specifically on acts or omissions caused by or arising in the hospital and treating physicians' sphere of influence. He does not plead that his injuries, in any way, were caused by any event or occurrence prior to his entry into defendant hospital. The

original defendants' complaint pleads a cause of action against the additional defendants based upon an automobile accident allegedly occurring 16 days before plaintiff's entry into defendant hospital. It is alleged that this accident occurred in Chester County, the individual additional defendant resides in Lehigh County, and the corporate additional defendant's place of business is in Lehigh County. If those facts are correct, clearly venue would not lie in Montgomery County if plaintiff had brought suit directly against additional defendants based upon that collision, and additional defendants also base their motion on this point. Furthermore, plaintiff has instituted such suit against additional defendants in Lehigh County.

On the other hand, original defendants contend that for the limited purpose of contribution among joint tortfeasors, the Workmen's Compensation Act is not a bar to the joinder of the additional defendants.

On that issue, original defendants are correct. See Maio, Executrix v. Fahs et al., 339 Pa. 180 (1940); John W. Brown, Jr. Equipment Rental Corp. v. Dickey, 397 Pa. 454 (1959); Grasha v. Ingersoll-Rand Company, 439 Pa. 216 (1970).

However, after a review of the pleadings, the court is of the opinion that the motion for summary judgment must be sustained on procedural grounds. Pennsylvania Rules of Civil Procedure 2252(a) states:

"(a) In any action the defendant . . . may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action *declared upon by the plaintiff* or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occur-

rences *upon which plaintiff's cause of action is based.* (Italics supplied.)

It has been said that rule 2252(a), like the original Act of April 10, 1929, P. L. 479, which it replaced, was not intended to complicate legal proceedings by allowing entirely separate causes of action to be combined in one action. The cause of action as to which the original defendant may bring in an additional defendant must still be the cause of action declared on by plaintiff in the action against the original defendant: Land Title Bank & Trust Co. v. Cheltenham National Bank et al., 362 Pa. 30 (1949). Joinder must be supported by the liability theories enunciated in the aforestated rule, namely; "joint liability," "sole liability," or "liability over": 11 A. L. R. 2d 229. In Fisher v. Milwaukee Electric Railway & Light Co., 173 Wis. 57, 180 N. W. 269 (1920), it was held that a physician and the original tortfeasor are in no sense of the word joint tortfeasors. This could certainly appear to be applicable herein, particularly in view of the fact that plaintiff's complaint is completely silent as to what preceded his hospitalization. Therefore, the theory of joint liability is inapplicable. Both theories of "sole liability" and "liability over" are strictly dependent upon plaintiff's proofs at trial. He seeks, in his original complaint, damages only for redress of whatever was tortiously done to him by the medical professionals and/or the hospital. The original defendants chose not to seek a more specific complaint by way of preliminary objection. It is evident, therefore, that no proof need be offered by plaintiff with respect to the preceding auto collision. If this joinder were permitted to stand, then at the close of plaintiff's case, original defendants could submit proof on an entirely different issue, that would run completely counter to the concept of "liability over." Clearly, the additional defendants could not be

liable for anything that occurred to plaintiff while in defendant hospital that was actionable. Therefore, as pleaded, this was a misjoinder.

Finally, as to the challenge to venue resulting from this joinder, under Pa. R. C. P. 2254(a), deputized service outside the county upon additional defendants is authorized. Therefore, if the joinder were proper, there could be no question about venue lying in Montgomery County.

### ORDER

And now, January 11, 1972, after review of briefs submitted, oral argument before the court en banc and the applicable law, the additional defendants' motion for summary judgment is sustained and the original defendants' complaint against the additional defendants is dismissed.