(92 Misc. Rep. 596)

## CARPENTER v. NEWLAND.

(Supreme Court, Special Term, Onondaga County. December 20, 1915.)

1. EXECUTORS AND ADMINISTRATORS ☞422—CLAIMS—STATUTES—IMPLIED REPEAL.

Code Civ. Proc. § 1822, provided that an executor or administrator might reject a claim presented to him, and that, unless the claimant and the administrator filed with the surrogate a consent that it might be heard and determined upon judicial settlement of the administrator's accounts, the claimant must commence an action within six months, or he would be forever barred from maintaining such action, and from every other remedy to enforce payment out of the decedent's property. Code Civ. Proc. § 2681, which is part of the new Surrogate's Code, provides that, upon rejection by the executor or administrator of a claim presented, he shall serve notice that he will submit such claim for trial and determination upon the judicial settlement of his accounts, and that, unless a consent be filed by the claimant that such claim be heard and determined, the claimant must commence an action within three months, or he shall be forever barred from maintaining such action, but in such case the claimant's claim shall be tried and determined upon such judicial settlement, and, if the claimant consents to such trial, he shall waive the right to begin such action. *Held* that, as the new stat-

ute dealt with exactly the same subject-matter as the old, but prescribed a different period of limitation and different remedies, it impliedly repealed the old; consequently, in an action by an administrator against a claimant, who did not within three months begin suit or file consent that his claim should be determined by the surrogate, the claim may be presented as a counterclaim, under Code Civ. Proc. § 506, declaring that, in an action brought by an executor or administrator in his representative capacity, a demand against the decedent, belonging, at the time of his death, to the defendant, may be set forth as a counterclaim.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. ☞422.]

2. CONSTITUTIONAL LAW ☞308—EXECUTORS AND ADMINISTRATORS ☞437—CLAIMS—STATUTES.

In such case the administrator could not complain if, at the time of the rejection of the claim, the old statute was in force, for his substantive rights were not changed, but only the procedure.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 925; Dec. Dig. ☞308; Executors and Administrators, Cent. Dig. §§ 1729–1761, 1764; Dec. Dig. ☞437.]

3. EXECUTORS AND ADMINISTRATORS ☞434—CLAIMS—PRESENTATION—COUNTERCLAIMS.

Code Civ. Proc. § 2681, declaring that, where written consent has not been filed by the claimant that the claim shall be heard and determined on the judicial settlement of the accounts of the administrator or executor, the claim shall be tried and determined upon such judicial settlement, does not apply to the act of the claimant in setting up his demand as a counterclaim; it being applicable only where the claimant takes the initiative and seeks to sue.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1698–1715; Dec. Dig. ☞434.]

4. STATUTES ☞227—CONSTRUCTION—"SHALL."

Where a statute makes that legal and possible which otherwise there would be no authority to do, it will be construed as permissive only, though using the word "shall."

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 308, 309; Dec. Dig. ☞227.

For other definitions, see Words and Phrases, First and Second Series, Shall.]

Action by John M. Carpenter, as sole administrator of the goods, chattels, and credits of Laura M. Carpenter, deceased, against Frank H. Newland. On demurrer to plaintiff's reply. Demurrer sustained.

Arthur B. Rider, of Syracuse, for plaintiff.
James A. Rolfe, of Clifton Springs, for defendant.

ROSS, J. This is an action by an administrator against the defendant to recover on a promissory note made by the defendant and payable to the order of plaintiff's intestate. The defendant included in his answer a counterclaim for professional services as a physician, rendered by the defendant to plaintiff's intestate. The plaintiff replied to the aforesaid counterclaim, setting forth the formal matters relating to the granting of letters of administration to the plaintiff, etc., and that on or about the 30th day of July, 1914, the defendant served an itemized statement of his claim for professional services (being the same claim alleged as a counterclaim), which was

thereafter, and on the 9th of September, 1914, rejected by the plaintiff as administrator; that by reason of the foregoing facts, the short statute of limitations had run against the aforesaid claim. To this reply the defendant demurred.

[1] The defendant claims, first, that the notice of rejection of the claim in question was insufficient under the provisions of section 2681, in that he did not offer to submit such claim for trial and determination on the judicial settlement of the accounts of the administrator; and, second, that the provisions of section 2681, Code of Civil Procedure, do not prevent the defendant from pleading his claim as a counterclaim under the provisions of section 506 of the Code of Civil Procedure. The claim of the plaintiff is that he proceeded under the provisions of former section 1822 of the Code of Civil Procedure, and that the same was in force on the 9th of September, when he rejected the claim in question, and that, under the provisions of said section last referred to, the defendant is barred from maintaining any remedy whatever to enforce the claim.

The first question presented is whether former section 1822 was repealed by implication, as it may be conceded that it has not been expressly repealed (see 2 Heaton on Surrogates, 1162), and to determine this a reference to former section 1822 and section 2681, enacted in chapter 443 of the Laws of 1914, which took effect September 1, 1914, is instructive. Section 1822 provided in substance that an executor or administrator might reject a claim presented to him, and that unless the claimant and the administrator filed with the surrogate a consent that the claim might be heard and determined by him upon the judicial settlement of the accounts of said executor or administrator, the claimant must commence an action within six months thereafter, or he would be forever barred from maintaining such action thereupon, and "from every other remedy to enforce payment thereof out of the decedent's property." Section 2681 contained a provision that, upon the rejection by the executor or administrator of a claim presented, he also shall serve notice that he will submit such claim for trial and determination upon the judicial settlement of his accounts, and that, unless a consent was filed by the claimant that such claim be heard and determined by the surrogate upon the judicial settlement of the accounts of such executor or administrator, the claimant must commence an action within three months thereafter, "in default whereof said claimant * * * is forever barred from maintaining such an action," and further provides as follows:

"But, in such case, the claim shall be tried and determined upon such judicial settlement, and if the claimant consents to such trial within the time limited for commencing such action he shall thereby waive the right to begin such action."

In other words, section 2681, unlike former section 1822, required the executor or administrator to consent to the determination of the claim by the surrogate. It reduced the statute of limitations from six months to three, and while it also barred the claimant from maintaining an action upon his claim, it did not bar him from having his claim determined upon the judicial settlement of the account of the

executor or administrator, and omitted the last clause of section 1822, forever barring the claimant "from every other remedy to enforce payment thereof out of the decedent's property."

It seems to me that the conclusion upon the comparison of these two statutes is inevitable that former section 1822 is repealed by implication. First, the scope and purpose of the two sections relate to precisely the same thing; i. e., the rights of a claimant against an estate when the executor or administrator has rejected a claim exhibited to him, and the procedure necessary thereupon, and the time in which and the manner by which such claim can be enforced. The provisions of the sections in question, while dealing with precisely the same subject-matter and having the same purpose, yet are, in many essentials, manifestly repugnant and tend to nullify each other. In the latter section, the statute of limitations is three months, and in the former six. If they are both in force, which is to apply? Under the provisions of section 1822, in the event of failure of both parties to consent to a hearing by the surrogate, and a failure of the claimant to begin his action within the time prescribed, he is forever barred from any remedy. By the provisions of section 2681, the claimant is only barred from his right of action, and in no event is barred from having his claim passed upon by the surrogate upon the final judicial settlement.

For the foregoing reasons, it seems to me that it was intended by the enactment of section 2681, c. 443, of the Laws of 1914, to supersede and repeal the provisions of former section 1822. This being the case, it is unnecessary to pass upon the question whether the rejection served by the plaintiff herein is sufficient in form to comply with the provisions of section 2681 of the Code of Civil Procedure of 1914, because, if the construction herein contended for is right, even assuming that the notice of rejection is sufficient, the Laws of 1914 do not prevent the claimant from interposing as a counterclaim his claim, pursuant to the provisions of section 506 of the Code of Civil Procedure, which provides as follows:

"In an action brought by an executor or administrator, in his representative capacity, a demand against the decedent, belonging, at the time of his death, to the defendant, may be set forth by the defendant as a counterclaim, as if the action had been brought by the decedent in his lifetime; and, if a balance is found to be due to the defendant, judgment must be rendered therefor against the plaintiff, in his representative capacity."

[2] This is not a case of the Legislature changing a remedy pending a proceeding to enforce a claim, because at the time of the rejection of the claim the statute of 1914 was in force. But, assuming that such was the case, neither the plaintiff's nor the defendant's substantive rights were affected thereby. The defendant's right of action remained, and it was simply a matter of procedure, not affecting substantive rights. Sackheim v. Pigueron, 215 N. Y. 62, 109 N. E. 109.

[3, 4] There remains further the determination of the effect of the last clause of section 2681 of the Code of Civil Procedure of 1914, which reads as follows:

"But in such case [where a written consent has not been filed by the claimant, consenting that said claim be heard and determined upon the judicial

settlement of the accounts of said executor or administrator] the claim shall be tried and determined upon such judicial settlement. * * *"

Whether the word "shall" is a word of compulsion, prohibiting any other method of enforcement, it seems to me that a more reasonable interpretation is that it is a word of permission, enlarging rather than restricting the claimant's rights. But, assuming that the provision is mandatory, in my judgment it only applies to the case where the claimant assumes the initiative in prosecuting his claim, and does not in any wise deprive him of the right to interpose a counterclaim under section 506, when an executor or administrator becomes an actor. Where language simply makes that legal and possible which otherwise there would be no authority to do, it will be construed as permissive, merely.

.The demurrer is sustained, and permission is given to the plaintiff, within 20 days after entry of judgment herein, and service of notice thereof, to withdraw his reply to the counterclaim of the defendant, and plead over, upon payment of costs of the demurrer.