DANIEL H. LODGE, a minor, by HARVEY M. LODGE, his next friend, appellant, v. W. A. DRAKE, dba ME TOO FOOD MARKET, appellee.

No. 47997.

(Reported in 51 N.W.2d 418)

FEBRUARY 5, 1952.
REHEARING DENIED APRIL 4, 1952.

John B. Reilly and Clinton E. Shaeffer, both of Cedar Rapids, for appellant.

Stewart Holmes, of Cedar Rapids, for appellee.

MULRONEY, J.—This appeal presents the question as to whether the remedy for an industrial injury to a minor, employed in violation of the child labor laws, is exclusively under the workmen's compensation law. The question arose by reason of a motion to dismiss the petition of Daniel H. Lodge filed by his father and next friend against the defendant, W. A. Drake, doing business as the Me Too Food Market. The petition alleged Daniel was fifteen years old; that he was an employee of defendant on July 6, 1950, when he injured his hand while engaged in cleaning an electrically operated meat grinder and chopper in defendant's store. Facts were alleged supporting the general allegations that Daniel's employment was in violation of the child labor laws of this state and particularly sections 92.1, 92.2 and 92.4, Code, 1950.

Defendant moved to dismiss the petition on the ground it shows plaintiff was an employee of defendant and injured in the course of his employment and consequently he has a remedy under the workmen's compensation law and that remedy is exclusive. The trial court sustained the motion and dismissed the petition and plaintiff appeals.

I. In Secklich v. Harris-Emery Co., 184 Iowa 1025, 169 N.W. 325, we held, in line with authorities from other jurisdictions, that our workmen's compensation statutes at that time (1918) were inapplicable in the case of an injury to a minor whose employment was unlawful. See also notes, 14 A. L. R. 818, 819, 33 A. L. R. 337, 338, and 49 A. L. R. 1435, 1436. Following those early decisions amendments to the workmen's compensation laws, making some provision for minor employees employed in violation of law, were adopted in many states. In the biennial

report of the Iowa Industrial Commissioner to the Governor in 1944 the commissioner made the following recommendation:

"At this time there are a large number of minor employees who are engaged in the employment of industry, a number of whom have sustained serious injuries. The Iowa Workmen's Compensation law does not make any specific provision as to whether or not such minor employees are covered by the workmen's compensation law of this State.

"It is therefore recommended that the compensation law be amended so that a minor employee who is illegally employed under the terms of the Iowa Child Labor laws, or otherwise illegally employed, may have an option as to whether or not he may recover under the compensation law of this state or by a civil action at law."

The next legislature (51st G. A., chap. 79), after the above report and recommendation, amended the workmen's compensation law, or chapter 85 of the Code of 1950, by adding to subsection 4 of section 85.61 the following: "Notwithstanding any law prohibiting the employment of minors all minor employees shall be entitled to the benefits of this chapter and chapters 86 and 87 regardless of the age of such minor employee."

The single question presented is whether the above amendment, providing the illegally employed minor "shall be entitled to the benefits" of the workmen's compensation law, limits the minor to the remedy of workmen's compensation proceedings, or whether he has the option to proceed under the workmen's compensation law or sue at common law.

██ II. The specific phrase which we are called upon to interpret is: "shall be entitled to the benefits of". Admittedly this gave to the illegally employed minor a remedy for an accident arising out of and in the course of his employment that he did not have before. The word "shall" is to be construed as permissive for the statute is designed as a grant of a right or benefit. See 59 C. J., Statutes, section 635, at page 1086: "Where a statute makes that legal and possible which otherwise there would be no authority to do, it will be construed as permissive only, although using the word 'shall'." See also Carpenter v. Newland, 92 Misc. 596, 156 N. Y. S. 438.

The Utah workmen's compensation law contains a somewhat similar provision, the statute reading: "* * * said [illegally employed] minor shall not be debarred from receiving compensation, *but shall be entitled* to double the compensation to which he would be entitled if legally employed." Vol. 1, Utah Code Anno. 1943, 14-6-27, page 713. (Italics supplied.) In Ortega v. Salt Lake Wet Wash Laundry, 108 Utah 1, 4, 22, 156 P.2d 885, 886, 894, a civil action by an illegally employed minor against his employer, a similar contention was made. The defendant's demurrer to the petition was sustained and the opinion states the following is the only question presented on the appeal:

"Is the Workmen's Compensation Act the exclusive remedy for a minor illegally employed, who is injured in the course of employment?"

The Utah Supreme Court reversed, answering the question by holding this statute "gives the minor the privilege of taking compensation instead of pursuing civil remedies. This section does not create a new right or a new liability. It merely provides a new remedy for an already existing right. * * * The general rule is that such remedy is not to be regarded as exclusive, but as an additional remedy. When a statute gives a new and affirmative remedy, but does not negative, expressly or impliedly, any existing remedies, the new remedy is to be considered as merely cumulative."

In 1 C. J. S., Actions, section 6c, the rule is stated: "Where a statute merely prescribes a new remedy for a pre-existing right or liability, such new remedy is merely cumulative, unless the statute shows an intention to abrogate or supersede the old remedy."

We see nothing in the amendment here involved which indicates a legislative intent that the workmen's compensation "benefits" it was extending to the illegally employed minor was to be the latter's only remedy. The plain meaning of the statute is that it lowered the bars and permitted but did not require illegally employed minors to resort to the compensation laws. It is our conclusion the common-law action remained.

There is no necessity to review the statutes of other states or the decisions interpreting them. In 4 Schneider's Workmen's

Compensation Text, Permanent Edition, chapter 18, there is a statutory synopsis of the workmen's compensation laws relating to minors in all forty-eight states, and citations to decisions under the various laws. A reading of this chapter justifies the author's general comment that the statutes and decisions show "a unity of intent in both legislatures and courts to exercise their power for the direct protection of minors under the Workmen's Compensation Acts." (Page 197) With respect to the illegally employed minor Mr. Schneider points out that where recovery under the workmen's compensation law is permitted the law usually allows him to proceed under the workmen's compensation law or under common law in an action for damages or else the workmen's compensation law provides for double or treble compensation under such circumstances and only "a few [workmen's compensation] acts make no distinction between minors lawfully and unlawfully employed." Volume 4, section 1177 (b), page 200. All workmen's compensation laws are based on public policy. Of course the public policy of another state is not controlling here but the unity of expression of a public policy in other states to give the illegally employed minor rights and remedies not shared by other employees is some indication that a similar plan or design was our legislature's intent in passing the amendment here involved.

The ruling and judgment of the trial court is reversed.— Reversed.

BLISS, OLIVER, GARFIELD, WENNERSTRUM, MANTZ, and HAYS, JJ., concur.

THOMPSON, C. J., takes no part.

SMITH, J., not sitting.