Roger HUNT, a minor, by David Hunt, his father and next friend, Plaintiff,

v.

Clarence ERNZEN and Dyersville Community Hospital Corporation, Defendants.

Clarence ERNZEN, Appellant,

v.

DYERSVILLE COMMUNITY HOSPITAL CORPORATION, Appellee.

No. 2-58243.

Supreme Court of Iowa.

April 20, 1977.

Fuerste, Carew & Coyle, Dubuque, for appellant.

Lane & Waterman by Dana M. Craig, Davenport, for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCOR-MICK, JJ.

UHLENHOPP, Justice.

This appeal involves problems of indemnity and contribution between tortfeasors.

Clarence Ernzen spent most of the day and evening in a tavern and became intoxicated. With him he had his minor grandson, Roger Hunt. That evening, trying to find his way home in his car, with Roger as a passenger, Ernzen drove into a ditch injuring Roger. The fact of Ernzen's culpability is not in dispute.

Roger was taken to the Dyersville Community Hospital for treatment of his injuries. About 36 hours later, a hospital nurse injected a drug into Roger's buttock. She did so negligently, injuring a nerve and causing Roger permanent foot drop—an injury distinct from Roger's auto mishap injuries.

By next friend, Roger sued Ernzen and the hospital for damages—Ernzen for all the injuries and the hospital for the foot drop injuries. Roger based his case against Ernzen on recklessness and intoxication and his case against the hospital on the negligence of its nurse. No one claims that Roger was negligent in the selection of the hospital for treatment. The fact is also undisputed that the hospital treated Roger for the injuries he sustained when the car went into the ditch.

The parties eventually settled Roger's claims; the foot drop injury claim they settled by Ernzen's paying $11,200 and the hospital paying $25,000. No one questions the prudence of the settlement. (The tavern operator also made a payment, but that is not involved here.)

Ernzen then sought indemnification by the hospital for the sum of $11,200 he paid Roger on the foot drop injury, and the hospital sought contribution of $6900 from Ernzen, arrived at in the following way. Ernzen and the hospital together paid $36,200 on the foot drop injury, half of which would be $18,100. The hospital paid $25,000, or $6900 more than its half, and sought that sum of $6900 from Ernzen.

Ernzen and the hospital each moved to dismiss the other's claim for indemnity and counterclaim for contribution, and the trial court sustained both motions. Ernzen appealed and the hospital cross appealed. We regard the hospital and its nurse as a unit for indemnity and contribution purposes as between the hospital and Ernzen. See *Schnebly v. Baker*, 217 N.W.2d 708 (Iowa).

■ I. *Ernzen's Indemnity Claim.* Ernzen directly caused only the injuries sustained in the auto mishap. The hospital through its employee directly caused the injury involved here, the foot drop. In 1871 this court approved a jury instruction which stated, " 'But if in the selection of a physician, and in the use of other means for effecting a cure, she [the injured person] used reasonable and ordinary care, her dam-

ages should not be diminished, notwithstanding you may find that, by a more skillful treatment, her sufferings might have been alleviated and her condition improved.'" *Collins v. City of Council Bluffs,* 32 Iowa 324, 329. Subsequently the court again approved such an instruction, and it disapproved a requested instruction disallowing damages from the original wrongdoer for injuries caused by neglect of a surgeon. *Rice v. City of Des Moines,* 40 Iowa 638. In common with the rule generally throughout the country, the Iowa rule now is

> to regard the surgeon as a reasonably necessary adjunct to the recovery of the patient in personal injury cases. The wrongdoer is charged with notice of that fact and under the rules of law is rendered chargeable for the value of such surgical services and for all its hazards. If the surgeon prove neglectful or unskillful, his acts are deemed an aggravation of the injury, and their evil consequences, if any, are chargeable to the wrongdoer to the same extent as though he had perpetrated the negligence. *Paine v. Wyatt,* 217 Iowa 1147, 1149, 251 N.W. 78, 79.

The same rule applies as to hospitals which are neglectful or unskillful in care or treatment. *Bradshaw v. Iowa Methodist Hosp.,* 251 Iowa 375, 101 N.W.2d 167.

By virtue of this rule, Ernzen was liable to *Roger* not only for the injury he directly inflicted upon Roger but also for the injury the hospital inflicted. The question before us, however, relates to the rights and liabilities between Ernzen and the *hospital.* The problem is whether Ernzen is justified in saying to the hospital, by your negligence you have rendered me liable for additional damages for an injury you yourself inflicted and you must indemnify me for those additional damages I must pay.

Most of the courts which have considered the problem have held that a negligent tortfeasor in Ernzen's position may have indemnity. Some of the decisions are *United States Lines, Inc. v. United States,* 470 F.2d 487 (5th Cir.); *Penn Tanker Co. v.*

*United States,* 409 F.2d 514 (5th Cir.); *Niles v. San Rafael,* 42 Cal.App.3d 230, 116 Cal. Rptr. 733; *Stuart v. Hertz Corp.,* 302 So.2d 187 (Fla.App.); *Szarewicz v. Alboro Crane Rental Corp.,* 73 Misc.2d 232, 341 N.Y.S.2d 153; *Travelers Indem. Co. v. Trowbridge,* 41 Ohio St.2d 11, 321 N.E.2d 787; *Greene v. Waters,* 260 Wis. 40, 49 N.W.2d 919. See also *Gertz v. Campbell,* 4 Ill.App.3d 806, 282 N.E.2d 28, aff'd in part, rev'd in part on other grounds, 55 Ill.2d 84, 302 N.E.2d 40; *Hartley v. St. Francis Hosp.,* 24 Wis.2d 396, 129 N.W.2d 235, reh. den., 24 Wis.2d 396, 130 N.W.2d 1. Contra: *Transcon Lines v. Barnes,* 17 Ariz.App. 428, 498 P.2d 502.

Since we are writing on a clean slate in Iowa, we must ask which is the fairer rule—to require or not to require indemnification of the original tortfeasor by the hospital as to the damages the hospital itself inflicted. The case is complicated by the aggravated nature of Ernzen's original conduct: recklessness and intoxication. The early refusal of courts to grant relief between tortfeasors began in a case involving an intentional tort, conspiracy. *Merryweather v. Nixan,* 8 T.R. 186, 101 Eng.Rep. 1337. The refusal to grant indemnity in cases of that kind is understandable. Note, 45 Harv.L.Rev. 349, 350 ("dislike for intentional wrongdoers"). Thus had Ernzen deliberately injured Roger, one can readily understand the refusal of courts to grant Ernzen indemnity for damages flowing from the nurse's subsequent negligence. On the other extreme, the guest statute aside, had Ernzen been guilty of ordinary negligence—such as inadvertently failing to give a proper turn signal whereby Roger sustained injury—the majority rule allowing Ernzen indemnity on account of the subsequent injury inflicted by the hospital would appear the fairer one.

■ On which side of the line does the present case fall, when Ernzen's original conduct consisted of recklessness and intoxication? Indemnity, a form of restitution, is founded on equitable principles; it is allowed where one person has discharged an obligation that another person should bear; it places the final responsibility where equi-

ty would lay the ultimate burden. *McCarthy v. J. P. Cullen & Son Corp.,* 199 N.W.2d 362, 371 (Iowa) ("The overriding purpose of indemnity is to place the loss on the one or ones who should rightfully or equitably bear it."); *Hendrickson v. Minnesota Power & Light Co.,* 258 Minn. 368, 104 N.W.2d 843; Prosser, Torts, § 51 at 313 (4th ed.) ("Indemnity is a shifting of responsibility from the shoulders of one person to another; and the duty to indemnify will be recognized in cases where community opinion would consider that in justice the responsibility should rest upon one rather than the other."); Restatement, Restitution, § 76; Restatement, Torts 2d § 886B(1) (Tent. Draft 18).

■ Unquestionably, if Ernzen were unable to distinguish by evidence the damages the hospital caused from the damages he himself caused, he could not have indemnity. Here, however, Ernzen did separate the harm caused by the hospital from the harm he himself caused. Unquestionably, too, if the original force of Ernzen's misconduct were still operating when the hospital caused its harm, Ernzen could not have indemnity. Cf. *Schnebly v. Baker,* 217 N.W.2d 708, 730 (Iowa) ("The laboratory negligently kept submitting wrong reports and Dr. Baker negligently kept relying on them. *The two negligences were operating concurrently.*"—italics added). In the present case, however, the auto mishap was over; Roger had sustained the injuries Ernzen's recklessness and intoxication directly inflicted upon him. Roger was taken to a hospital which was thereafter in charge. Roger and Ernzen were helpless as to the hospital's conduct thereafter—careful or negligent. Ernzen's prior culpability in no way governed the care or negligence which the hospital would exercise in the treatment of its patient, in no way encouraged or required the hospital to conduct itself carelessly, and in no way gave the hospital a license to act without full responsibility for the distinct consequences of its own separate negligence. Notwithstanding Ernzen's prior culpability, and without in any way implying approbation of that culpability, we hold that for the separate subsequent harm the hospital negligently inflicted upon Roger the hospital became liable not only to Roger but to Ernzen as well upon his discharging the damage obligation to Roger arising from the hospital's wrongful conduct. See Restatement, Torts 2d § 886B(2)(f) (Tent. Draft 18). The trial court should have overruled the hospital's motion to dismiss Ernzen's claim for indemnity.

■ II. *Hospital's Contribution Counterclaim.* Our disposition of Ernzen's indemnity claim disposes of the hospital's contribution counterclaim adversely to the hospital. *As between Ernzen and the hospital,* the hospital and not Ernzen caused Roger's foot drop, and the hospital cannot have contribution as to that injury. The trial court correctly sustained Ernzen's motion to dismiss the hospital's counterclaim for contribution.

■ Under the law, the admissions in the pleadings, and the parties' requests for judgment on the pleadings, no necessity exists for trial. We approve the trial court's dismissal of the hospital's counterclaim for contribution. We disapprove the trial court's dismissal of Ernzen's claim for indemnity, and we return the case to district court for entry of judgment in favor of Ernzen and against the hospital in the sum of $11,200, together with interest and costs.

Appeal costs to the hospital.

AFFIRMED IN PART, REVERSED IN PART WITH INSTRUCTIONS.