**REGENCE BLUESHIELD, et al., Plaintiffs,**

v.

**PHILIP MORRIS, INCORPORATED, et al., Defendants.**

**No. C98–559R.**

United States District Court, W.D. Washington.

Jan. 6, 1999.

David B. Howorth, Foster Pepper & Schefelman, Portland, OR, David J. Dadoun, Thomas Fitzgerald Ahearne, Roger D. Mellem, Christopher Kane, Michael K. Vaska, Camden M. Hall, Foster Pepper & Schefelman, Seattle, WA, for Blue Cross Wyoming, Regence Idaho.

David B. Howorth, Foster Pepper & Schefelman, Portland, OR, David J. Dadoun, Thomas Fitzgerald Ahearne, Roger D. Mellem, Christopher Kane, Michael K. Vaska, Camden M. Hall, Foster Pepper & Schefelman, Seattle, WA, Paul J. Bschorr, Heather C. McDevitt, Michael C. Hefter, Vincent R. Fitzpatrick, Jr., Robert J. Morrow, Dewey Ballantine, New York City, Martha J. Talley, Dewey Ballantine, Washington, D.C., for Rocky Mountain Hospital, Medical Service Corporation, Blue Cross Washington & Alaska.

Roger D. Mellem, Foster Pepper & Schefelman, Seattle, WA, Paul J. Bschorr, Heather C. McDevitt, Michael C. Hefter, Vincent R. Fitzpatrick, Jr., Robert J. Morrow, Martha J. Talley, Dewey Ballantine, New York City, Martha J. Talley, Dewey Ballantine, Washington, D.C., for NW Medical Bureau.

Paul J. Bschorr, Heather C. McDevitt, Michael C. Hefter, Vincent R. Fitzpatrick, Jr., Robert J. Morrow, Martha J. Talley, Dewey Ballantine, New York City, Martha J. Talley, Dewey Ballantine, Washington, D.C. for New Mexico Blue Cross.

Paul J. Bschorr, Heather C. McDevitt, Michael C. Hefter, Vincent R. Fitzpatrick, Jr., Robert J. Morrow, Dewey Ballantine, New York City, Martha J. Talley, Dewey Ballantine, Washington, D.C., for Group Health Service, Hawaii Medical Service, New Mexico Blue Cross, Blue Cross Texas, Blue Cross Montana, Regence Blue Cross Utah, Regence Blue Cross, Regence Blue Shield.

James H. Jordan, Jr., Miller, Nash, Wiener, Hager & Carlsen, Seattle, WA, for Tobacco.

Steven T. Seward, Wickwire, Greene, Crosby, Brewer & Seward, Seattle, WA, Thomas J. Brewer, Heller, Ehrman, White & Mcauliffe, Seattle, WA, for Hill and Knowlton.

John D. Wilson, Wilson, Smith, Cochran & Dickerson, Seattle, WA, Richard C. Yarmuth, Yarmuth Wilsdon P.L.L.C., Seattle, WA, for Smokeless Tobacco.

Franklin Dennis Cordell, Richard James Murray, Gordon Murray Tilden, Seattle, WA, for Tobacco Institute.

Philip Randolph Meade, Thomas V. Harris, Merrick, Hofstedt & Lindsey, Seattle, WA, for U.S. Tobacco Company.

John G. Bermann, Helsell Fetterman LLP, Seattle, WA, for Liggett & Meyers, Inc.

Christopher W. Tompkins, Glenn S. Draper, Betts, Patterson & Mines, Seattle, WA, for Lorillard Tobacco Company.

Jay R. Henneberry, Lynn E. Mallya, Chadbourne & Parke, Los Angeles, CA, for British American Tobacco.

Kathleen L. Turland, Andrew T. Frankel, Patrick D. Bonner, Jr., Joseph M. McLaughlin, Simpson Thacher & Bartlett, New York City, Mark Robert Koenig, Stephen Murray Todd, Todd & Wakefield, Seattle, WA, for BAT Industries PLC.

Nicholas W. Heldt, Kevin J. Dunne, Shelley L. Brittman, Sedgwick, Detert, Moran & Arnold, San Francisco, CA, Richard J. Wallis, John Arthur Tondini, Bogle & Gates PLLC, Seattle, WA, for Brown & Williamson.

Jessica T. Martin, H. Joseph Escher, Peter J. Busch, Howard, Rice, Nemerovski, Canady, Falk & Rabkin, San Francisco, CA, Kimberly A. Boyce, Bradley S. Keller, Byrnes & Keller, Seattle, WA, for R.J. Reynolds Tobacco.

Leonard J. Feldman, John Wentworth Phillips, Peter A. Danelo, Heller, Ehrman, White & MCauliffe, Seattle, WA, for Philip Morris, Inc.

### ORDER GRANTING CERTAIN DEFENDANTS' MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6)

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on certain defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, to dismiss pursuant to Rule 12(b)(7) for fail-

ure to join necessary parties and defendant B.A.T. Industries' motion to dismiss for lack of personal jurisdiction. The court has reviewed the documents filed in support of and in opposition to the motions together with the relevant files. Being fully advised, the court grants the motion to dismiss under Rule 12(b)(6) and strikes the remaining motions as moot. The court finds that oral argument would not be helpful in this matter.

## I. BACKGROUND

The plaintiffs are fifteen Blue Cross and/or Blue Shield health care insurance plans ("the Plans") operating in several different states. They accuse the defendants, corporations in the tobacco industry, of a conspiracy to deprive the Plans of access to information about the health risks of tobacco use. This conspiracy, the Plans allege, deprived them of the opportunity to prevent or reduce their obligation to pay out millions of dollars for the treatment of tobacco-related illness. The Plans have filed a 172–page complaint, bringing claims for violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and for antitrust violations under the Sherman Act. They also allege several common law torts under the laws of the various states the Plans operate in, including fraudulent concealment, breach of special duty, unjust enrichment and conspiracy. In addition, the Plans allege individual claims under the unfair trade practices acts, consumer protection acts and/or organized crime acts of Alaska, Colorado, Hawaii, Idaho, Montana, Nebraska, Nevada, New Mexico, Oklahoma, Oregon, Texas, Utah, Washington and Wyoming.

Defendants Philip Morris, R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, Hill and Knowlton, United States Tobacco Company, Lorillard Tobacco Company, The Tobacco Institute, The Council for Tobacco Research—U.S.A., British American Tobacco Company Limited and Smokeless Tobacco Council move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). They also move to dismiss under Rule 12(b)(7) for failure to join necessary parties. Defendants The Liggett Group and Liggett & Myers join the Rule 12(b)(6) motion. Defendant B.A.T. Industries, P.L.C. moves separately for dismissal under Rule 12(b)(6) for lack of personal jurisdiction.

## II. DISCUSSION

### A. Rule 12(b)(6) standard

Under Rule 12(b)(6), the court may dismiss an action for failure to state a claim upon which relief can be granted. In resolving a motion to dismiss for failure to state a claim, the court must assume that the plaintiffs' allegations are true and it must construe all the facts before it in the plaintiffs' favor. *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1332 (9th Cir.1987). The court can only grant a motion to dismiss under Rule 12(b)(6) if it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Id.*

For the purposes of this motion, the court will assume the truth of the following facts alleged by the plaintiffs: Tobacco use is harmful to the user's health. The defendants have been aware of this fact for many years and have engaged in a nefarious conspiracy to withhold this information from members of the public, including the health care insurance industry. The absence of complete information prevented the Plans from properly educating Plan members about the dangers of tobacco use and delayed implementation of programs to lower tobacco use among Plan members. The defendants made a concerted effort to suppress research and development into less harmful tobacco products. The absence of less harmful tobacco products prevented the Plans from requiring or encouraging Plan members to substitute those products for the more harmful products available to them. The Plans have paid out millions of dollars for the treatment of tobacco-related illnesses suffered by Plan members. Had the defendants not withheld information and suppressed

research into less harmful products, fewer Plan members would have used the more harmful products available to them and, consequently, fewer would have developed tobacco-related illness. The Plans' obligation to provide coverage for tobacco-related illnesses, therefore, would have been reduced.

Even assuming, as the court must at this point in the case, that the defendants' conduct caused the damages the plaintiffs allege, the court concludes that, as a matter of law, the plaintiffs cannot recover those damages. The plaintiffs advance multiple theories of liability against the defendants. Before the court reaches any of these theories, the plaintiffs must be able to establish that they have standing to bring this lawsuit. As a requisite to standing, they must be able to prove that the defendants' actions were the *proximate* cause of their damages. Since the plaintiffs cannot establish this element, they lack standing to bring this action and their claims must be dismissed as a matter of law.

To date, ten federal district courts have addressed the precise motion before this court in suits by health care benefit plans against tobacco industry defendants. Ben-

efit plans' efforts to recover damages from the tobacco industry in federal court can best be described as a resounding failure. Eight district courts have dismissed the actions before them because the plaintiffs, as a matter of law, would not be able to establish proximate cause under any set of facts.[1] In the remaining two suits, the courts dismissed the majority of the plaintiffs' claims on the same basis.[2]

With the exception of the two decisions that did not dismiss all of the plaintiffs' claims, the Plans, for the most part, do not discuss these recent federal decisions. Ostensibly, they have declined to address these unfavorable decisions because they are unpublished.[3] This court is mindful that the Ninth Circuit Court of Appeals does not favor citation of unpublished opinions.[4] . But the court is also aware that these recent suits brought by health care insurance plans all over the country against the tobacco industry are virtually identical (albeit brought by different plaintiffs). While the unpublished decisions in these cases cannot be cited as precedent and they are not binding on this court, they are exactly on point and, therefore, highly persuasive. Thus, the court will look to the decisions of its fellow district court judges for guidance.[5]

1. *See Williams & Drake Co., v. American Tobacco Co.,* No. 98–553 (W.D.Pa. Dec. 21, 1998), *International Brotherhood of Teamsters Local 734 Health & Welfare Trust Fund v. Phillip Morris,* 34 F.Supp.2d 656 (N.D.Ill. 1998); *Texas Carpenters Health Benefit Fund v. Philip Morris, Inc.,* 21 F.Supp.2d 664 (E.D.Tex.1998); *Oregon Laborers–Employers Health & Welfare Trust Fund v. Philip Morris, Inc.,* No., 97–1051–MA (D.Or. Aug.3, 1998); *Seafarers Welfare Plan v. Philip Morris,* 27 F.Supp.2d 623 (D.Md.1998); *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.,* 1998 WL 212846 (E.D.Pa. Apr.22, 1998); *Southeast Florida Laborers Dist. Health & Welfare Trust Fund v. Philip Morris,* 1998 WL 186878 (S.D.Fla. Apr.13, 1998); *see also City of Birmingham v. American Tobacco Co.,* 10 F.Supp.2d 1257 (N.D.Ala. 1998) (brought by self-funded municipality on behalf of local government entities who have paid money to third parties for medical care and treatment).

2. *See Stationary Engineers Local 39 Health & Welfare Trust Fund v. Philip Morris, Inc.,* No.

C–97–01519 DLJ (N.D.Cal. Apr.30, 1998); *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.,* 7 F.Supp.2d 277 (S.D.N.Y. 1998). These courts declined to dismiss all of the plaintiffs' claims on proximate cause grounds. To the extent these courts allowed some of the claims to proceed, the court finds that there is an inherent inconsistency in dismissing some claims but not others where the proximate causation analysis is the same. *See Oregon Laborers,* 17 F.Supp.2d 1170.

3. *See* Plaintiffs' memorandum of law in opposition to defendants' motion to dismiss complaint pursuant to Fed.R.Civ.P. 12(b)(6) at 3, n. 2.

4. *See* 9th Cir.R. 36–3.

5. The court also found highly persuasive the Iowa Supreme Court's well-reasoned and pellucid opinion in *Iowa ex rel. Miller v. Philip Morris, Inc.,* 577 N.W.2d 401 (Iowa 1998).

## B. Proximate cause

■ Proximate cause is a generic label for "the judicial tools" courts use "to limit a person's responsibility for the consequences of that person's own acts." *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). It is impossible to "articulate a precise definition of the concept of 'proximate cause.'" *Associated Gen'l Contractors of California v. California State Council of Carpenters*, 459 U.S. 519, 535–36, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). But it is common ground that the law does not afford a remedy for "every conceivable harm that can be traced to alleged wrongdoing." *Id.* Thus, among the "many shapes" the concept of proximate cause has taken, at a minimum, the law demands "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268, 112 S.Ct. 1311. As a result, a plaintiff who complains "of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts [is] generally said to stand at too remote a distance to recover." *Id.* at 268–69, 112 S.Ct. 1311. Under this principle, referred to as the "remoteness doctrine," relief, and hence, standing, to recover for damages is limited to those directly injured by a defendant's conduct. *See Oregon Laborers, Employers Health & Welfare Trust Fund*, No. 97–1051–MA (D.Or. Aug. 3, 1998), slip op. at 6.

■ Proximate cause involves two elements: (1) a policy element encompassing "concepts of equity and standing" and (2) foreseeability. *Id.* The first is a legal inquiry that examines the extent to which a defendant can and should be held liable for the consequences of his conduct. The second is a factual inquiry that limits a defendant's liability to the foreseeable consequences of his actions. *Id.* The court must assume for the purposes of this motion that the injury alleged here was a foreseeable consequence of the defendants' actions. Thus, the dispositive issue is whether the type and nature of damages the plaintiffs seek are recoverable as a matter of law and policy. The court concludes, as have the majority of federal district courts that have considered this issue, that they are not.

The Plans try to avoid the fate that has met other health care insurance funds in their federal lawsuits by suggesting that they are fundamentally different from the plaintiffs in those suits. They assert, therefore, that the nature of their damages is also different. They posit that unlike the union trust funds' damages, which most courts have found too remote to allow recovery, their damages are a direct consequence of the defendants' conduct. The difference between them and the other plaintiffs, they assert, is that they purchase health care services directly from providers, unlike either traditional insurers or union trust funds. They maintain this difference means that unlike local union trust funds, they have a stake in claims for increased health costs.

The court finds that the fact that the Plans are not union trust funds like the majority of the plaintiffs in the other federal suits is a distinction without a difference. In only one case cited to the court was Blue Cross allowed to pursue claims under a state consumer protection and antitrust statute. *See State v. Philip Morris, Inc.*, 551 N.W.2d 490 (Minn.1996). The opinion makes clear that the only reason the Minnesota court allowed those claims to go forward was not because Blue Cross was exempt from proximate cause requirements but rather because the state legislature had specifically made a broad grant of standing in the statute at issue.

> It is true that Blue Cross occupies a different niche in the complex web of health care institutions than that of indemnity or insurance companies; however, these differences in legal relationship to providers and patients do not, in our view, overcome the need for a closer connection between the injury and the alleged tortfeasor....

*Id.* at 495.

In a further attempt to camouflage the weaknesses in their damages claim and

distinguish other courts' decisions, the Plans argue that they are not attempting to recover for damages to third persons (i.e. Plan members). Rather, they insist they only seek recovery for damages to the Plans themselves occasioned by the defendants' misdeeds. The Plans concede, as they must, that they cannot sue the defendants directly for damages suffered by individual tobacco users. Thus, they cannot recover money spent on health care for the tobacco-related illnesses of Plan members directly from the defendants because their recovery would be limited to their subrogation rights vis-a-vis individual Plan members. They allege instead that they have suffered direct damages to their "infrastructure" and financial well-being as a result of the defendants' conduct.

The Plans undoubtedly have felt the financial effect of Plan members' tobacco use in the form of health care costs for tobacco-related illnesses. This alone does not give them a basis to recover damages against the defendants, however. No amount of semantic gymnastics can detract from the conclusion that their claims are completely derivative of the personal injuries to Plan members allegedly caused by the defendants' conduct. The only harm to the Plans' infrastructure or financial well-being that the defendants could have caused is the greater financial burden of covering higher health care costs associated with tobacco use. Logically, the only way to establish these damages is by reference to an underlying injury to or wrongful conduct towards an individual Plan member. The Plans simply have not alleged injuries to themselves that are distinct and separate from the alleged injuries to individual Plan members. Because their claims rely entirely on injuries to third persons, they are too remote and the Plans, therefore, cannot establish proximate cause, a required element of their claims.

The policy basis for limiting a defendant's liability to injuries proximately caused by his conduct is apparent when considered against the backdrop of this case. Here, because of the impossibility of separating the plaintiffs' alleged injuries from those of Plan members, the defendants would be faced with the potential of duplicative recovery for the same tobacco-related injuries. *Cf. Associated Gen. Contractors of California,* 459 U.S. at 541, 103 S.Ct. 897 (discussing policy aspect of proximate cause in context of federal antitrust standing). And, because of the inseparability of the damages, it would be impossible for the plaintiffs to ever establish the precise amount of their damages.

The plaintiffs contend that contrary to the defendants' assertions many courts have denied motions to dismiss in similar suits and allowed the suits to proceed.[6] Although the cases the plaintiffs cite are also suits for damages allegedly caused by tobacco-related illness, the similarity ends there. The cases on which the plaintiffs rely were brought by state attorneys general who have either a statutory authority or a special obligation to protect the interests of the state and their citizens that permits them to pursue claims that may involve damages to their citizens. *See Oregon Laborers,* slip op. at 7–8 ("[T]he cases filed by state Attorneys General materially differ on the issue of proximate causation given certain state statutes that expressly permit states to maintain actions on behalf of their citizenry."). The Plans, as private litigants, cannot claim standing on this basis. Thus, those cases finding that certain states and state entities are not barred by the remoteness doctrine from seeking damages against tobacco industry defendants for harm to tobacco users are not relevant precendents.

The plaintiffs' claims fall into roughly three categories. They have brought antitrust claims under state and federal law,

---

**6.** *See* Plaintiffs' memorandum in opposition to defendants' motion to dismiss complaint pursuant to Fed.R.Civ.P. 12(b)(6) at 4, n. 3.

organized crime claims under state and federal law, and state common law claims. The court finds it unnecessary to discuss each of the plaintiffs' claims or types of claims separately because for each claim the plaintiffs must show that they have standing to recover for the damages they allege. To do so, they must show that the defendants' conduct was a proximate cause of their injury, which they have not done. Because the plaintiffs' ability to establish proximate cause is a threshold issue with respect to all their claims, the court does not discuss alternate bases identified by other courts for dismissal of the plaintiffs' antitrust and organized crime claims.

### III. CONCLUSION

Certain defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [docket 79–1] is GRANTED, their motion to dismiss pursuant to Rule 12(b)(7) for failure to join necessary parties [docket 80–1] and defendant B.A.T. Industries' motion to dismiss for lack of personal jurisdiction [docket 73–1] are hereby STRICKEN as moot, and this action is DISMISSED.